UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVETTE QUINONES,
Individually and on behalf of a class,

                                      Case No. 18-cv-6909

                      Plaintiff,

         - against -

SECOND ROUND SUB, LLC,

                       Defendant.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Second Round Sub, LLC ("Second Round").  Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.  15 U.S.C. §§1692g(a), 1692e, 1692e(2) and 1692e(10).

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3.  Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

1

## PARTIES

4. Plaintiff, Yvette Quinones, is an individual resident of the State of New York, residing in the County of Bronx. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Second Round is a Texas Foreign Limited Liability Company with a principal place of business located at 1701 Directors Blvd., Suite 900, Austin, TX 78744. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about December 28, 2017, Plaintiff was mailed the collection Letter attached as Exhibit A (the "Letter"). Plaintiff received the Letter in the ordinary course of mail.

7. The Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. The Letter is, on information and belief, a form letter.

9. The Letter sought to recover unpaid credit card bills owed to Synchrony Bank (the "Synchrony Account") in the amounts of $1,897.00. Upon information and belief, the Synchrony Account was purchased by Second Round.

10. The Letter advises the Plaintiff that the "Current Creditor" is "Second Round Sub, LLC," but advises the Plaintiff to "direct all future correspondence and payments concerning this account to: *Third Round L.P.*" The Letter fails to identify who Third Round L.P. is, what is its relationship to the Synchrony Account or to Second Round. The Letter further fails to state whether Third Round L.P. is the "creditor" or "account holder" or "current creditor" or

2

"original creditor" or any other identifier indicating what the relationship is between Third

Round L.P. and the Plaintiff and the other entities listed in the Letter.

11. At all times pertinent hereto, Defendant used false representation and

deceptive means to collect or attempt to collect a debt.

12. At all times pertinent hereto, Defendant failed to provide the name of the

creditor to whom the alleged debt is owed to.

13. As a result of defendant's abusive, deceptive and unfair debt collection

practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

14. Plaintiff repeats, realleges and incorporates by reference the allegations

contained in paragraphs 1 through 13 of this Complaint as though set forth at length herein.

15. Collection Letter such as those sent by defendant are to be evaluated by the

objective standard of hypothetical "least sophisticated consumer."

16. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. . . . the following conduct is a
violation of this section:

(2) the false representation of –
    (A) the character, amount or legal status of any debt; or
    (B) any services rendered or compensation which may be lawfully
    received by any debt collector for the collection of a debt.

(10) the use of any false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a consumer.

17. The Letter would leave anyone, let alone the least sophisticated consumer,

confused as to the character and legal status of the debt.

3

18. The Letter does not explain the relationship, if any, between Synchrony Bank, Second Round Sub, LLC and Third Round, L.P.

19. The least sophisticated consumer would be confused and uncertain as to whether the creditor to whom the debt is owed is Synchrony Bank or Second Round Sub, LLC or Third Round, L.P.

20. Defendant failed to explicitly and clearly state the name of the creditor to whom the debt is owed.

21. The least sophisticated consumer would be confused and uncertain as to the name of the creditor to whom the debt is owed.

22. Defendant's acts, as described herein, constitute violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## SECOND CAUSE OF ACTION
### (Violations of the FDCPA)

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this Complaint as though set forth at length herein.

24. Section 1692g(a) states that:

(a) **Notice of debt; contents**: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

 (2) the name of the creditor to whom the debt is owed;

25. Defendant failed to list the true name of the creditor to whom the debt is owed in a manner that can be understood by the Plaintiff.

26. The Letter fail to indicate whether "Third Round, L.P." is the account owner, Plaintiff's creditor, Plaintiff's current creditor, Plaintiff's original creditor, or some other relationship between Plaintiff and "Third Round, L.P."

27. Because of the aforementioned failures, the least sophisticated consumer would likely be confused and uncertain as to the actual owner of the debt

28. Defendant's acts, as described herein, constitute violations of 15 U.S.C. § 1692g(a)(2).

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

30. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

31. The class is so numerous that joinder is impracticable.

32. On information and belief, there are more than 50 natural persons who were sent Letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common questions are:

      a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692g(a), 1692e, 1692e(2) and 1692e(10);

      b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory relief.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   Declaratory relief finding the collection letter violates the FDCPA; and

d)   For such other and further relief which this court deems just and proper.

Dated: New York, New York
          August 1, 2018

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By:*/s/Dan Shaked*_____
    Dan Shaked (DS-3331)
    44 Court St., Suite 1217
    Brooklyn, NY 11201

6

Tel. (917) 373-9128
Fax (718) 504-7555
e-mail: ShakedLawGroup@gmail.com